IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
ARKANSAS

| | | |
|---|---|---|
| **DIEGO IZAGUIRRE REYES**<br>**Plaintiff,** | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 2:20-cv-02118-PKH |
| **DKG TRUCKING, INC. AND**<br>**MARCELINO DIAZ GANDUL**<br>**Defendants.** | §<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Diego Izaguirre Reyes, hereinafter called Plaintiff, complaining of and about DKG Trucking, Inc. and Marcelino Diaz Gandul, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### I.

### PARTIES

1. Plaintiff, Diego Izaguirre Reyes, is an individual citizen of the State of Texas.

2. Defendant DKG Trucking, Inc. is a nonresident corporation doing business in the State of Arkansas. It can be served process via its process agent, Process Agent Service Company, Inc., by serving Stephen Smith, 1206 Garrison Avenue, Fort Smith, AR 72901.

3. Defendant, Marcelino Diaz Gandul is a nonresident who can be served personally at his address, 2156 SW Quarry St., Port St. Lucie, FL 34953.

### II.

### JURISDICTION AND VENUE

4. This Court has diversity jurisdiction because the matter in controversy exceeds

$75,000.00 and the case is between citizens of different states. 28 U.S.C. § 1332.

5. Venue is proper in the Western District of Arkansas because a substantial part of the events and omissions giving rise to the claim occurred in the District. 28 U.S.C. § 1391(b)(2). This case arises out of a September 21, 2019 incident that occurred in Hot Spring County, Arkansas.

## III.

## FACTS

6. Defendant DKG Trucking, Inc. is a motor carrier licensed by the Federal Motor Carrier Safety Administration. At all times relevant to this lawsuit, Marcelino Diaz Gandul was acting within the course and scope of employment for Defendant DKG Trucking, Inc.

7. On or about September 21, 2019, Plaintiff was traveling eastbound in the second traffic lane on Interstate 30 in his Chevrolet Malibu.

8. On or about September 21, 2019, Defendant Marcelino Diaz Gandul, was traveling eastbound in the first traffic lane on Interstate 30 while operating a tractor-trailer unit owned by Defendant DKG Trucking, Inc., when he changed lanes while unsafe, violently striking the front of Plaintiff's vehicle with the rear of the trailer unit, causing Plaintiff to enter into a counter clockwise rotation traveling off of the roadway and striking the cable barrier with the front of his vehicle and into the median. The impacts caused Plaintiff to suffer extensive property damage and severe bodily injury.

9. Defendants were all jointly responsible for the safe operation of the tractor-trailer-trailer at issue.

## IV.  CAUSES OF ACTION

### NEGLIGENCE AGAINST DEFENDANT MARCELINO DIAZ GANDUL

10. Plaintiff hereby incorporates paragraphs 7-9 as if fully set forth herein.

11. Defendant Marcelino Diaz Gandul had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

12. Plaintiff's damages were proximately caused by Defendant Marcelino Diaz Gandul's negligent disregard of said duty. The negligent disregard of the duty of Defendant Marcelino Diaz Gandul consisted of, but is not limited to, the following acts and omissions:

    A. In operating a vehicle in careless manner and/or in violation of AR Code § 27-51-104;

    B. In failing to maintain a single lane of travel;

    C. In that Defendant Marcelino Diaz Gandul failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    D. In that Defendant Marcelino Diaz Gandul failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant Marcelino Diaz Gandul's motor vehicle which would permit Defendant Marcelino Diaz Gandul to change lanes safely without colliding into Plaintiff's motor vehicle;

  E. In failing to yield the right of way to other vehicles;

  F. In failing to control the operation of his vehicle;

  G. In failing to avoid the incident in question;

  H. In failing to operate his vehicle in a safe and prudent manner;

  I. In failing to keep a proper lookout for other vehicles using the roadway;

  J. Making an improper or unsafe lane change; AR Code § 27-51-104(b)(1);

  K. Driver inattention; AR Code § 27-51-104(b)(8);

  L. In violating the terms and provisions of THE ARKANSAS TRANSPORTATION CODE and the ARKANSAS DRIVER'S HANDBOOK;

  M. Other acts of negligence and/or negligence *per se*; and

  N. Any other acts of negligence discovered and to be shown at the time of trial.

13. Each of the foregoing acts and omissions, whether taken singularly or in combination, proximately caused the collision made the basis of this cause of action; the damages suffered by Plaintiff.

14. Plaintiff would show this court that the harm he suffered is the type of harm which the above statutes are intended to prevent. Plaintiff is a member of the class of persons which the statutes were enacted to protect. Such violations of statutes, as identified herein above, amount to negligence per se and are a proximate cause of the occurrence in question.

## **NEGLIGENCE AGAINST DEFENDANT DKG TRUCKING, INC.**

15. Plaintiff incorporates paragraphs 7-9 as if fully set forth herein.

16. Defendant DKG Trucking, Inc. was acting through its employee, Marcelino Diaz Gandul, who was at all times acting within the scope of his employment. Because Marcelino Diaz Gandul was acting in the course and scope of employment with Defendant DKG Trucking,

Inc., when the crash occurred, Defendant DKG Trucking, Inc., is liable to Plaintiff under the doctrine of *Respondeat Superior* and/or statutory employment doctrine.

17. Defendant DKG Trucking, Inc., was further negligent, in training Marcelino Diaz Gandul, and/or in failing to supervise Marcelino Diaz Gandul, and/or in retaining Marcelino Diaz Gandul. Had Defendant DKG Trucking, Inc., or Defendants' agents properly trained its employee, this incident could have been avoided.

18. At all times pertinent, Defendant DKG Trucking, Inc., and any of Defendants' agents, who were acting within the scope of their employment, were guilty of negligent conduct toward Plaintiff in:

   A. Failing to train its employees regarding proper procedures on safe lane changes;

   B. Failing to supervise its agents, servants and/or employees to ensure the safety of other drivers on the roadway;

   C. Failing to establish and enforce reasonable and adequate policies and/or procedures regarding driving their vehicles; and

   D. Failing to reduce or eliminate the likelihood of harm which Defendant knew or should have known.

19. These conditions and activities existed despite the fact that Defendants or Defendants' agents knew or should have known of the existence of the aforementioned and that there was likelihood of a person being injured as occurred to Plaintiff.

20. Plaintiff alleges that each and every, all and singular, of the foregoing acts and/or omissions on the part of the Defendants constituted negligence which was and is a direct and proximate result of the injuries and damages sustained by Plaintiff.

21. At all times material hereto, all of the agents, servants, and/or employees for Defendant DKG Trucking, Inc., who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant DKG Trucking, Inc., is further liable for the negligent acts and omissions of its agents, servants, and/or employees under the doctrine of *Respondeat Superior*.

V.

**DAMAGES FOR PLAINTIFF DIEGO IZAGUIRRE REYES**

22. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Diego Izaguirre Reyes was caused to suffer bodily injury, and to incur the following damages:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff Diego Izaguirre Reyes for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Hot Spring County, Arkansas and Harris County, Texas;

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C. Physical pain and suffering in the past;

    D. Physical pain and suffering in the future;

  E.  Physical impairment in the past;

  F.  Physical impairment which, in all reasonable probability, will be suffered in the future;

  G.  Disfigurement in the future;

  H.  Mental anguish in the past;

  I.  Mental anguish in the future;

  J.  Loss of earnings in the past;

  K.  Loss of earning capacity which will, in all probability, be incurred in the future; and

  L.  Property damage.

## VI.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

           Respectfully submitted,

           /s/ Laura Pazin Porter
           Laura Pazin Porter
           Tex. State Bar No. 24032941
           Michael Cowen
           Tex. Fed. ID No. 19967
           COWEN | RODRIGUEZ| PEACOCK
           6243 IH-10 West, Suite 801
           San Antonio, Texas 78201
           Telephone: (210) 941-1301
           Facsimile: (210) 579-8968
           E-Mail for Service:  efilings@cowenlaw.com